**Motion Granted, Proceeding Abated, and Opinion Filed February 22, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01143-CR**

**APRIL MICHELLE FLOYD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause No. CR18-0971**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Partida-Kipness

Appellant April Michelle Floyd was charged and convicted of Class B misdemeanor driving while intoxicated. Floyd's appointed appellate counsel filed an *Anders*[1] brief with this Court and moved to withdraw as counsel. We conclude there are plausible grounds for appeal. Accordingly, we grant the motion to withdraw abate the appeal, and remand the cause to the trial court for appointment of new appellate counsel.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

## BACKGROUND

Following a bench trial, appellant April Michelle Floyd was convicted of Class B misdemeanor driving while intoxicated. *See* TEX. CODE CRIM. PROC. art. 49.04. The trial court sentenced Floyd to confinement in the Rockwall County Jail for 60 days and assessed a fine of $500.00. The trial court suspended the jail sentence and placed Floyd on community supervision for twenty-one months.

After Floyd filed a notice of appeal and a financial affidavit, the trial court found Floyd indigent and appointed appellate counsel. The first appellate counsel appointed to represent Floyd withdrew from the appointment. The trial court appointed Floyd's current appellate counsel, Lara Bracamonte Davila, to represent Floyd. Ms. Davila filed a brief in which she concluded this appeal was wholly frivolous, without merit, and that there were no arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967. Ms. Davila also filed a separate motion to withdraw as appellate counsel after being directed to do so by this Court. In the motion, appointed counsel stated that she delivered a copy of the motion and brief to Floyd and had found, in compliance with *Anders*, "no frivolous errors with regard to this matter."

By letter dated June 2, 2020, we notified Floyd that her counsel had filed an *Anders* brief and motion to withdraw as counsel, advised Floyd of her right to view the appellate record and file a pro se response, and instructed Floyd that failure to file a pro se response would result in the case being submitted on the brief filed by

–2–

appointed appellate counsel. We enclosed copies of the *Anders* brief and the motion to withdraw with the letter. Floyd filed a pro se brief in which she alleged that (1) her trial counsel was ineffective, (2) her appellate counsel failed to meet with her to discuss the case, and (3) the evidence was insufficient to support her conviction. The State has not filed a brief.

## APPLICABLE LAW

An *Anders* brief is a brief filed in support of an appointed attorney's motion to withdraw from an appeal that the attorney has concluded, after conscientious examination of the entire record, is a frivolous appeal. *Anders*, 386 U.S. at 744. Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process, which can only be attained if appellate counsel "acts in the role of an active advocate in behalf of his client, . . . ." *Id.* "Ultimately, an appropriate *Anders* brief provides the court of appeals with an assurance of integrity in the criminal proceedings in the trial courts that the court of appeals supervises." *Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at *1 (Tex. App.— Dallas June 15, 2020, no pet.) (mem. op., not designated for publication).

To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex.

–3–

Crim. App. 1978). In addition to setting out an attorney's due diligence investigation on behalf of the client, the *Anders* brief has an additional use for an appellate court: providing it "with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

When appellate counsel is appointed to represent an indigent defendant, "his only justification for filing an *Anders* brief is his ethical obligation to avoid burdening the courts with wholly frivolous appeals." *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). After court-appointed appellate counsel files an *Anders* brief asserting that no arguable grounds for appeal exist, we independently examine the record to determine whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. An appeal is wholly frivolous when it lacks any basis in law or fact; an argument is frivolous if it cannot conceivably persuade the court. *Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.).

There are two possible outcomes when an *Anders* brief is filed in a criminal case in Texas. After conducting an independent examination of the record, if we agree with appellate counsel that no reversible error exists and the appeal is frivolous, we will grant counsel's motion to withdraw and affirm the trial court's judgment. *Crowe*, 595 S.W.3d at 319. If we conclude that appellate counsel has not adequately discharged the constitutional duty to review the record for arguable error, or that the appeal is not wholly frivolous, we will abate the appeal and remand the

–4–

cause to the trial court for the appointment of new appellate counsel. *Id.*; *Kelly*, 436 S.W.3d at 318 n.16 ("Éither the appellate court confirms that there are no non-frivolous grounds for appeal, thus extinguishing the appellant's constitutional right to appellate counsel, and grants the motion to withdraw, or the appellate court finds that there are plausible grounds for appeal, in which case the appellate court *still* grants the motion to withdraw, but remands the cause to the trial court for appointment of new appellate counsel.").

## ANALYSIS

Without addressing the merits of this appeal, we conclude that at least two arguable issues exist.

First, appellate counsel failed to identify or describe the only substantive objection made by Floyd's trial counsel and to discuss why the trial court's ruling on that objection was either correct or not harmful to Floyd. *See Crowe*, 595 S.W.3d at 320 (arguable issue where attorney did not identify or describe objection made in trial court on substantive issue). When appellate counsel fails to identify any objections in the record and to discuss why the trial court's ruling was correct or why the appellant was not harmed by the ruling, we are left with little or no confidence in counsel's conclusion that the appeal is frivolous and view such a failure as evidence that counsel failed to make a thorough and professional evaluation of the record. *See id.* ("the failure of appellant's appointed attorney to discuss this issue in the brief filed shows that she failed to make a thorough and

professional evaluation of the record. . . . If appellant's appointed attorney missed such an obvious issue, we cannot assume that appellant's appointed attorney would have caught other, perhaps more subtle, issues.") (internal citations omitted); *Jimenez*, 2020 WL 3166740, at *1 (citing *Crowe*).

Moreover, appointed counsel states in the *Anders* brief that trial counsel "made objections throughout the trial," some were sustained, and the ones that were overruled would not provide a non-frivolous point of error. The record shows, however, that Floyd's trial counsel made only one objection during trial. Appellate counsel's brief is simply incorrect that trial counsel "made objections throughout trial." Such an inaccuracy further indicates that counsel did not make a thorough and professional evaluation of the record. The trial objection presents an arguable issue for appeal.

Second, our review of the record, the *Anders* brief, and Floyd's response brief indicates Floyd may have an arguable sufficiency of the evidence issue. Floyd was charged and convicted of driving while intoxicated pursuant to section 49.04 of the penal code. TEX. PEN. CODE § 49.04(a) ("A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place."). "Intoxicated" means:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
>
> (B) having an alcohol concentration of 0.08 or more.

TEX. PEN. CODE § 49.01(2).

Floyd submitted to two breath tests following her arrest, both of which measured her blood alcohol concentration (BAC) as less than 0.08. At trial, the State presented expert testimony about breath tests and retrograde extrapolation. The State's expert expressed his opinion that even though Floyd's breath tests were below the legal limit of 0.08 at the time of the test, her BAC likely was at or above 0.08 when she was driving. The trial court did not state under which subsection of section 49.01(2) it found Floyd to have been intoxicated, and the State argued both subsections applied. Floyd's trial counsel cross-examined the State's expert and presented arguments to the trial court that the expert's testimony was not credible and insufficient to establish Floyd's BAC when she was driving. Floyd's trial counsel also argued that the video footage of the traffic stop showed that Floyd had control of her physical and mental faculties and any delay by Floyd in starting the field sobriety tests or in successfully completing those tests was due to her stated urgent need to urinate and not a lack of control of her physical or mental faculties. Without reaching the merits of these arguments, we conclude Floyd may have an arguable sufficiency point to raise on appeal.

Appellate counsel's failure to discuss these issues in her brief shows that she failed to make a thorough and professional evaluation of the record. If counsel failed to address these issues, we cannot assume she did not miss other arguable grounds for appeal, as well. *See, e.g.*, *Celaya v. State*, No. 05-18-00391-CR, 2020 WL

4251249, at *3 (Tex. App.—Dallas July 24, 2020, no pet.) (mem. op., not designated for publication).

Appellate counsel also failed to address at least one error in the judgment entered by the trial court that we have identified. Specifically, there is a discrepancy between the trial court's verbal pronouncement of sentence after the punishment phase and the sentence imposed in the written judgment. At the conclusion of trial, the trial judge stated on the record that he will place Floyd on twenty-one months' community supervision and assess a $500 fine plus court costs and "deal with the conditions of probation as set by the probation department." The written judgment, however, states that Floyd is sentenced to sixty days confinement with the $500 fine and court costs and that the jail sentence is suspended for twenty-one months' community supervision. The inclusion of the sixty–day confinement in the written judgment was not orally pronounced and should arguably be removed from the judgment. *See Chol v. State*, No. 05-18-00518-CR, 2019 WL 2266546, at *1 (Tex. App.—Dallas May 24, 2019, no pet.) (mem. op., not designated for publication) ("When a variation exists between the oral pronouncement of the sentence and the written memorialization of the sentence, the oral pronouncement controls."); *but see Mizell v. State*, 119 S.W.3d 804, 806–07 (Tex. Crim. App. 2003) (sentences below the statutory minimum are illegal and void, and we lack authority to reform void judgments).

The failure of appellant's appointed attorney to request that the judgment be reformed to correct this error and to address the implications of such a reformation further indicates that she did not perform a professional evaluation of the record. *See Jeffery v. State*, 903 S.W.2d 776, 780 (Tex. App.—Dallas 1995, no pet.). This Court has authority to reform a judgment when it has the necessary information before it to do so and the resulting judgment would not be void or illegal. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Even assuming such reformation would be proper here, we do not reform the judgment at this time because the error is not the only issue we have identified in this record. We trust that new appellate counsel will address this and any other errors that require reformation of the judgment in appellant's amended brief.

## CONCLUSION

Accordingly, we grant Ms. Davila's motion to withdraw and we strike the *Anders* brief she filed in this Court. We remand the cause to the trial court and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and file a brief on the merits that addresses the overruled objection mentioned above, any other plausible grounds for appeal, and any errors in the judgment. *See Crowe*, 595 S.W.3d at 321.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date

counsel is appointed. We remove this appeal from the submission docket[2] and abate

the appeal for the trial court to comply with the dictates of this opinion.


        /Robbie Partida-Kipness/
        ROBBIE PARTIDA-KIPNESS
        JUSTICE


Do Not Publish.
TEX. R. APP. P. 47.2(b).
191143NF.U05

---

[2] This case will be resubmitted at a future date after this Court receives a brief filed by new appellate counsel and any response brief the State may choose to file.

–10–